

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Hinson, Jr.
County Auditor
Livingston, Texas
Polk County

Dear Sir:

Opinion No. O-5218

Re: Can a lumber company
which operates its own
trucks for hauling timber
to its mill, some of which
is grown on its land and
some of which is purchased
from others, register its
trucks with farm licenses
instead of commercial licenses.

Your letter to us dated April 6, 1943, propounded
the following question:

"Texas Long Leaf Lumber Company, of this county
owns several trucks which they use to haul logs to
their mill from timber owned by them over the different
parts of the county. They own some of the land this
timber is on and only own the timber on other tracts
which they buy from different people over the county."

"Can Texas Long Leaf Lumber Company, a Corporation
of the State of Texas, register their trucks with Farm
License instead of Commercial License under the above
circumstances?"

In response to said letter our administrative
assistant, Mr. W. C. Cason mailed you copies of our Opinions
Nos. O-3317, O-3201, and O-527, which we thought fully
covered the question of law involved in your situation.

In reply to Mr. Cason's letter enclosing the
Opinions above referred to, we received your letter of
April 12, 1943, stating that the lumber company still

Honorable E. L. Hinson, Jr.     page 2

contended that it could buy farm truck licenses for its trucks. In your letter of April 12, you request that we specifically answer the following question:

"Can a Lumber Company, which operates their own trucks for the purpose of hauling logs to their own mill for processing and for sale of the lumber, and who own the timber, register their trucks with farm license under Article 6675a-2 and Article 6675a-6a."

Both of your letters state that the Lumber Company hauls both timber grown on its own land and timber purchased from others to its mill for processing.

In our Opinion No. O-527 dated April 17, 1939, this department held that the benefits of articles 6675a-6a accrued only to persons transporting their own products and not to those transporting articles purchased from others. In our Opinion No. O-3201 this department again construed article 6675a-6a in which Opinion it cited with approval and quoted from our Opinion No. O-527 and held that one transporting cattle purchased from another was not entitled to the benefits of said article.

The 47th Legislature amended article 6675a-6a effective April 10, 1941, so as to include "timber in its natural state" within its classification. Our Opinions Nos. O-527 and O-3201, both of which construed article 6675a-6a were written prior to the amendment of said article, and the Legislature readopted the phraseology "his own poultry," etc. thereby evidencing a legislative intent to adopt our construction of said language.

Article 6675a-2 has no application whatever to the facts involved here.

It follows that our answer to your question is that a lumber company which hauls timber purchased from others as well as that grown on its own land to its mill for processing is not entitled to the benefits provided by article 6675a-6a.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ed Roy Simmons

Ed Roy Simmons
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

ERS:mod